UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

          Plaintiff,

v.

Torrence LaMonte Boykin,

          Defendant.

Case No. 3:18-cr-613

MEMORANDUM OPINION
AND ORDER

## I.    INTRODUCTION AND BACKGROUND

Defendant Torrence LaMonte Boykin, an inmate at Federal Correctional Institution – Milan in Milan, Michigan, seeks an order reducing his sentence to time served and providing for his immediate release from custody, or to be placed on home confinement for the remainder of his sentence. (Doc. No. 30). The government opposes Boykin's request. (Doc. No. 31). Boykin also has filed a motion for a hearing. (Doc. No. 32).

In October 2018, Boykin was indicted on one count of illegally possessing a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 8). On December 21, 2018, he entered a plea of guilty without a plea agreement. Boykin's Guidelines range sentence was 46-57 months in custody and a term of supervised release of 1-3 years. I subsequently sentenced Boykin to 46 months in custody, to be followed by a three-year term of supervised release. (Doc. No. 25). Boykin did not appeal.

On May 26, 2020, Boykin filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(1). (Doc. No. 30). The government argues Boykin did not exhaust his administrative

remedies and has not demonstrated there are extraordinary and compelling reasons to justify the reduction of his sentence. (Doc. No. 31).

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Boykin indicates he has submitted a request for compassionate release or home confinement to the staff at FCI Milan but has not received a response. (Doc. No. 30 at 3). The government contends this request was not sufficient because Boykin does not indicate he waited 30 days after

2

submitting his request before filing his motion or that he has fully exhausted his administrative remedies. (Doc. No. 31 at 2-3).

The government's arguments are not persuasive. Section 3582(c)(1)(A) permits a defendant to file a motion for compassionate release after he has fully exhaust administrative remedies or after 30 days have passed since the defendant submitted a request to the warden. While the parties have not provided an update on the status of Boykin's administrative request, it is clear that more than 30 days have passed since he submitted that request.

Boykin, however, fails to show he is entitled to compassionate release because he does not satisfy his burden of demonstrating "extraordinary and compelling reasons" justify a reduction of his sentence. 18 U.S.C. § 3582(c)(1).

Boykin does not identify any medical conditions that might place him at greater risk of severe complications from Covid-19. While I am sympathetic to Boykin's concerns about Covid-19, "a generalized risk of contracting Covid-19" alone does not justify compassionate release. *United States v. Mullins*, No. 06-20015, 2020 WL 5422300, at *2 (E.D. Mich. Sept. 10, 2020). *See also United States v. Wingo*, No. 15-20450, 2020 WL 4676388, at *2 (E.D. Mich. Aug. 12, 2020) ("Although COVID-19 presents serious risks in the federal prison system, the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)); *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020).

I conclude Boykin fails to establish extraordinary and compelling reasons to justify a reduced sentence.

### III. CONCLUSION

For these reasons, I deny Boykin's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 30), and Boykin's motion for a hearing. (Doc. No. 32).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge